UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BOBBY NASH,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTION REHABILITATION (CDCR), et al.,<br><br>　　　　　Respondents. | Case No. 2:24-cv-00437-FLA-JDE<br><br>ORDER TO SHOW CAUSE |

On January 1, 2024,[1] Petitioner Bobby Nash ("Petitioner"), a state prisoner, proceeding pro se and without paying a filing fee or seeking leave to proceed in forma pauperis, constructively filed a Petition for Writ of Habeas

---

[1] Under the "mailbox rule," "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). In the absence of evidence to the contrary, courts have treated a petition as delivered to prison authorities on the date the petition is signed. See Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010). Here, the undersigned affords Petitioner the benefit of the mailbox rule and deems the Petition "filed" on January 1, 2024, the date corresponding to the signature date on the envelope in which the Petition was contained.

Corpus by a Person in State Custody ("Petition" or "Pet.") pursuant to 28 U.S.C. § 2254, alleging that the trial court's failure to resentence him under Assembly Bill ("AB") 333 violates his due process and equal protection rights. AB 333, which became effective on January 1, 2022, made various changes to the law on gang enhancements, including narrowing the definition of a "criminal street gang." See People v. Tran, 13 Cal. 5th 1169, 1206 (2022).

District courts must "promptly examine" all federal habeas petitions brought under 28 U.S.C. § 2254 and, "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief," the "judge must dismiss the petition[.]" Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule 4"); Mayle v. Felix, 545 U.S. 644, 656 (2005). Here, the Petition appears untimely on its face. The Court thus orders Petitioner to show cause why this action should not be dismissed as untimely.

# I.
# PROCEDURAL HISTORY

On January 6, 2009, a Los Angeles County Superior Court jury found Petitioner guilty of carjacking and found true a criminal street gang enhancement allegation. Pet. at 2; People v. Nash, 2010 WL 2406183, at *1 (Cal. Ct. App. June 17, 2010). On January 29, 2009, the trial court sentenced Petitioner to 15 years to life in state prison. Pet. at 2. Petitioner appealed the judgment of conviction to the California Court of Appeal. Pet. at 2. In an unpublished decision dated June 17, 2010, the court of appeal modified the judgment to clarify that the sentence was imposed on the carjacking violation under Cal. Penal Code § 186.22(b)(4), and affirmed the judgment as modified. Nash, 2010 WL 2406183, at *8-9[2]; Appellate Courts Case Information

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of relevant state court records available electronically. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in

("Appellate Courts") at https://appellatecases.courtinfo.ca.gov. Petitioner's Petition for Review was denied on September 29, 2010. Pet. at 7; Appellate Courts. Petitioner does not contend he filed a petition for writ of certiorari in the United States Supreme Court.

Thereafter, Petitioner collaterally challenged his conviction by filing a habeas petition in the California Court of Appeal on or about September 10, 2012. That petition was denied on September 13, 2012. Appellate Courts. Years later, in 2023, Petitioner filed several additional habeas petitions in the state courts, all of which were apparently denied. See Pet. at 3, 8; Appellate Courts; Los Angeles County Superior Court at https://www.lacourt.org.

## II.

## DISCUSSION

Because the Petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), it is subject to the AEDPA's one-year statute of limitations, as set forth at 28 U.S.C. § 2244(d). See Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). Title 28, United States Code, Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

another proceeding); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**A.** **Unless a Basis for Tolling the Statute Existed, Petitioner's Last Day to File His Federal Habeas Petition Was December 28, 2011**

  Ordinarily, the AEDPA's limitation period runs from the date on which the judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, as noted, the California Supreme Court denied Petitioner's petition for review on September 29, 2010. As it does not appear Petitioner filed a petition for a writ of certiorari, his conviction therefore became final on December 28, 2010, when the 90-day period in which to petition the United States Supreme Court for a writ of certiorari expired. See S. Ct. Rule 13.1; Harris v. Carter, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The limitation period expired one year later on December 28, 2011. As noted, Petitioner did not constructively file his Petition until January 1, 2024. Thus, absent tolling, the Petition appears untimely.

  To the extent Petitioner may contend he is entitled to a later trigger date based on the enactment of AB 333, this contention is without merit. Petitioner

does not claim he was impeded from filing his federal petition by unconstitutional state action and thereby entitled to a later trigger date under Section 2244(d)(1)(B). "[C]hanges in state law" are not "impediments" as contemplated by Section 2244(d)(1)(B). See Torres v. Johnson, 2015 WL 5025524, at *2 (C.D. Cal. June 1, 2015) (citing Shannon v. Newland, 410 F.3d 1083, 1087-88 (9th Cir. 2005)), accepted by 2015 WL 5031940 (C.D. Cal. Aug. 24, 2015); see also Castro v. Johnson, 2023 WL 8143909, at *4 (C.D. Cal. Sept. 29, 2023), accepted by 2024 WL 130149 (C.D. Cal. Jan. 10, 2024). Similarly, AB 333 does not give rise to a later start date under Section 2244(d)(1)(C). Section 2244(d)(1)(C) only applies to newly recognized rights by the United States Supreme Court. See Dodd v. United States, 545 U.S. 353, 357-59 (2005) (analyzing similar provision under 28 U.S.C. § 2255); Castro, 2023 WL 8143909, at *4 (explaining that 2244(d)(1)(C) "only applies to newly recognized rights by the United States Supreme Court and does not apply to new rights recognized by a change in state law"); Guerrero v. Rackley, 2018 WL 1305635, at *3 (C.D. Cal. Feb. 12, 2018), judgment entered by 2018 WL 1305055 (C.D. Cal. Mar. 9, 2018). AB 333 is a matter of state law, and as such, Petitioner is not entitled to an alternate trigger date based on AB 333. See Esparza v. Clark, 2022 WL 2496265, at *4 (C.D. Cal. May 26, 2022) (finding petitioner was not entitled to a later start date under Section 2244(d)(1)(C) based on California senate bills), accepted by 2022 WL 2464857 (C.D. Cal. July 6, 2022); Limon v. Santoro, 2016 WL 8809245, at *2 n.2 (C.D. Cal. Dec. 22, 2016) (rejecting contention that new state assembly bill provided a later trigger date under the AEDPA because "a new state law does not meet the requirements of 28 U.S.C. § 2244(d)(1)(C)"), accepted by 2017 WL 1528775 (C.D. Cal. Apr. 21, 2017). Finally, under Section 2244(d)(1)(D), the statute of limitations runs from the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

diligence." The "factual predicate" in Section 2244(d)(1)(D) does not encompass mere changes in state law. See Shannon, 410 F.3d at 1088-89 ("If a change in (or clarification of) state law, by a state court, in a case in which [the petitioner] was not a party, could qualify as a 'factual predicate,' then the term 'factual' would be meaningless"); Castro, 2023 WL 8143909, at *4; Esparza, 2022 WL 2496265, at *4.

Thus, Petitioner's conviction became final on December 28, 2010, and the AEDPA's limitation period expired one year later on December 28, 2011. Petitioner did not constructively file his Petition until January 1, 2024. Thus, absent tolling, the Petition is untimely by over 12 years.

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Zepeda v. Walker, 581 F.3d 1013, 1019 (9th Cir. 2009); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). For the reasons discussed herein, Petitioner has not demonstrated he is entitled to any tolling.

**B.      Statutory Tolling Does Not Render the Petition Timely**

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). Statutory tolling does not extend to the time between the date a judgment becomes final and the date the petitioner files his first state collateral challenge because during that time there is no case "pending." See Cross v. Sisto, 676 F.3d 1172, 1179 (9th Cir. 2012).

Here, Petitioner is not entitled to any statutory tolling of the limitation period under 28 U.S.C. § 2244(d)(2) as Petitioner constructively filed his first state habeas petition challenging his conviction on or about September 10,

2012 – after the expiration of the statute of limitations. Once the limitation period expired, it could not be reinitiated. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Thus, statutory tolling does not appear to render the Petition timely.

### C.    Equitable Tolling Does Not Render the Petition Timely

In addition to statutory tolling, the AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 649 (2010). In order to be entitled to equitable tolling, the petitioner must show both that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented his timely filing. Id. The "threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation omitted). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." See Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (as amended).

Here, Petitioner has not asserted any facts that might warrant equitable tolling, or otherwise shown that some extraordinary circumstance prevented him from timely filing his Petition. To the extent Petitioner may contend that the enactment of AB 333 warrants equitable tolling, such change in law does not constitute the requisite extraordinary circumstance warranting equitable tolling. See Shannon, 410 F.3d at 1089-90 (rejecting contention that the time between petitioner's conviction and a state court decision clarifying state law should be equitably tolled); Abner v. Montgomery, 2021 WL 5020466, at *3 (C.D. Cal. Sept. 9, 2021) (finding enactment of California senate bill did not

constitute an extraordinary circumstance warranting equitable tolling), <u>accepted by</u> 2021 WL 5014791 (C.D. Cal. Oct. 27, 2021); <u>Stroud v. Madden</u>, 2020 WL 5055858, at *6 (S.D. Cal. Aug. 27, 2020) (rejecting contention that change in state law justified equitable tolling).

Accordingly, equitable tolling does not appear to render the Petition timely.

### III.
### ORDER

Based upon the Petition as currently submitted, the Petition is untimely. District courts are permitted to consider, sua sponte, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. <u>Day v. McDonough</u>, 547 U.S. 198, 209-10 (2006); <u>Wentzell v. Neven</u>, 674 F.3d 1124, 1126 (9th Cir. 2012).

Therefore, Petitioner is ORDERED TO SHOW CAUSE in writing, by <u>no later than thirty (30) days from the date of this Order</u>, why this action should not be dismissed under Habeas Rule 4 for the reasons stated above. If Petitioner disputes that this action is untimely, he must explain clearly and in detail why it is not untimely, and provide any available competent evidence that establishes the timeliness of this action.

Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). <u>The Clerk is directed to provide a Notice of Dismissal form.</u> However, the Court warns any dismissed claims may be subject to the statute of limitations under Section 2244(d)(1).

/ / /
/ / /
/ / /
/ / /

**Petitioner is cautioned that a failure to respond timely in compliance with this Order may result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order.** See **Fed. R. Civ. P. 41(b).**

Dated: January 26, 2024

_____
JOHN D. EARLY
United States Magistrate Judge